UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LONNY DITELLA,

                              **Plaintiff,**

   vs.                                                  1:23-cv-1095
                                                           (MAD/CFH)

TRANSUNION, LLC; EQUIFAX INFORMATION
SERVICES, LLC; and EXPERIAN INFORMATION
SOLUTIONS, INC.,

                              **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**LONNY DITELLA**
Plaintiff *pro se*

**SHUCKIT & ASSOCIATES, PC**                 **CAMILE R. NICODEMUS, ESQ.**
4545 Northwestern Drive
Zionsville, Indiana 46077
Attorneys for Defendant TransUnion, LLC

**SEYFARTH SHAW LLP**                           **ADAM T. HILL, ESQ.**
233 S. Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Attorneys for Defendant Equifax Information
Services, LLC

**JONES DAY**                                              **DANIEL SLOAN, ESQ.**
250 Vesey Street                                               **MELANIE K. CHAN, ESQ.**
New York, New York 10281
Attorneys for Defendant Experian Information
Solutions, Inc.

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER TO SHOW CAUSE

    Plaintiff, a resident of New York City, commenced this action *pro se* against Defendant

TransUnion in the Albany City Small Claims Court, asserting claims under the Federal Credit

Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). *See* Dkt. No. 1-1. On August 29, 2023,

Defendant TransUnion removed the action to this Court. *See* Dkt. No. 1. Thereafter, Plaintiff filed additional amended complaints and exhibits, and added Experian Information Solutions ("Experian") and Equifax Information Services ("Equifax") as additional Defendants, and added additional claims under the FCRA and New York State Law. *See* Dkt. No. 17.

In his amended complaint, Plaintiff notes that Experian is headquartered in Costa Mesa, California, Equifax is headquartered in Atlanta, Georgia, and TransUnion is headquartered in Chicago, Illinois. *See* Dkt. No. 17 at 1. A review of publically available information confirms that TransUnion is a Delaware corporation, with its principal place of business in Chicago, Illinois. Further, Equifax is a Georgia corporation, with its principal place of business in Atlanta, Georgia. Finally, Experian is an Ohio corporation, with its principal place of business in Cosa Mesa, California. Upon review of Plaintiff's submissions in this matter, the Court believes that venue in the Northern District of New York is improper.

Under the applicable venue statute, a federal civil action may be brought in the following locations:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2). Also, for venue purposes:

>in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

Here, as mentioned above, all named Defendants are residents of other states. Moreover, Plaintiff is a resident of New York, New York, which is in the Southern District of New York. Finally, none of the alleged events giving rise to this action appear to have occurred in the Northern District of New York. As such, the Court does not believe that venue lies in this District. *See Wasi v. TransUnion*, No. 21-cv- 9900, 2021 WL 6427622, *1-2 (S.D.N.Y. Dec. 6, 2021).

Accordingly, the Court hereby

**ORDERS** that Plaintiff shall **SHOW CAUSE** within fourteen (14) days of the date of this Order to Show Cause why this action should not be *sua sponte* transferred to the Southern District of New York (or any other district where venue lies); and the Court further

**ORDERS** that Defendants shall file their position, if any, within seven (7) days of receipt of Plaintiff's response to the Order to Show Cause; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order to Show Cause on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 3, 2023
     Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge